Leon Crum, Law Offices of Leon Crum, Brownsville, for appellant.

Gordon D. Laws, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

**Daniel GUTIERREZ, Appellant,**

v.

**DRESSER INDUSTRIES, INC., Appellee.**

No. 13–88–243–CV.

Court of Appeals of Texas, Corpus Christi.

April 20, 1989.

## OPINION

NYE, Chief Justice.

This is a personal injury case. Appellant Daniel Gutierrez sued appellee Dresser Industries, Inc., for damages resulting from alleged injuries he received when using a hand-held grinder manufactured by appellee. In answer to special questions, the jury found that appellee defectively de-

signed the grinder, but also found the grinder's defective design not to be a producing cause of appellant's alleged injuries. Based on these findings, the trial court entered a take nothing judgment against appellant. We affirm the trial court's judgment.

By one point of error, appellant attacks the factual and legal sufficiency of the evidence to support the trial court's verdict. In considering "no evidence" and "insufficient evidence" points of error, we will follow the well-established test set forth in Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L.Rev. 361 (1960).

Appellant worked as a welder for Texas Pipe Bending Company. His job required him to grind tack welds. These tack welds temporarily hold two pipe sections together so that the sections can be welded into one piece. During the grinding process, the pipe is placed on rollers raised between chest and eye level. A person stands on steps and uses a hand-held grinder to grind the tack welds. On June 4, 1984, appellant stood on the "second to the third step" and used an air-powered grinder to grind tack welds. Suddenly, the pipe jumped on the rollers, kicking him. He turned around and saw the pipe jump again. He turned off the rollers but the grinder did not stop operating. Appellant testified that the grinder went "Vroom" and cut his left knee and thigh. He threw the grinder to the floor, lost his balance, and fell, injuring both knees. He finally stopped the grinder by cutting its air supply. According to appellant, however, the grinder should have stopped running when he released his fingers from a lever on the grinder's side. He received the grinder from his employer's "tool crib," and it did not have a specific wheel guard on it. He said that he did not remove the wheel guard from the grinder. Appellant sued appellee alleging negligence, breach of warranty, and products liability.

John T. Butters testified as an expert witness on appellant's behalf. Butters, an engineer experienced in product failure analysis, examined the type of grinder used by appellant during the incident. Butters testified that this type of grinder had a two-position on/off switch. When in the "on" position, the grinder continues running until the operator either manually returns the switch to the "off" position or discontinues the grinder's air supply. He testified that he was of the opinion that this particular "throttle" was a "producing cause" of the incident. He said that this type of grinder should have a switch that discontinues power to the cutting wheel as soon as the operator releases his grip on the throttle.

Two expert witnesses testified for appellee. Bruce D. Fowler, a product engineer employed in appellee's industrial tool division, testified that appellee manufactures grinder switches different from the one included with the grinder used by appellant during the incident. He explained that when the operator applies pressure to one of these other switches, the grinder becomes operational. Releasing pressure turns off the grinder. He said that assuming the grinder used by appellant had a pressure activated switch, he would have still been cut because even if he had released pressure from the switch, the grinder's rotating wheel would not have quit spinning before contacting his body. He said that appellant would not have been cut if he had used a grinder with a wheel guard and had used the correct grinding wheel.

Waymon L. Johnston, head of the safety engineering program at Texas A & M University, testified that in all likelihood, the incident would not have occurred if the grinder used by appellant had an attached wheel guard. He said the wheel guard had been removed. He also said that even if the grinder had a different switch, the incident still would have occurred.

In his sole point of error, appellant argues that the trial court erred in failing to grant his motion for new trial because the jury's failure to find producing cause is against the overwhelming weight of the evidence. In a personal injury case, the plaintiff typically alleges that the defendant's conduct caused an event and that

this event caused the plaintiff to suffer injuries for which compensation and damages should be paid. Thus, at trial the plaintiff must establish two causal nexuses in order to be entitled to recovery: (1) a causal nexus between the defendant's conduct and the event sued upon; and (2) a causal nexus between the event sued upon and the plaintiff's injuries. *Morgan v. Compugraphic Corp.* 675 S.W.2d 729, 731 (Tex.1984). Therefore, in the instant case, appellant had the burden to prove that the alleged defect in the grinder was the producing cause of the occurrence in question. The jury's finding on causation was contrary to appellant's position.

 Producing cause is defined as an efficient, exciting, or contributing cause, which in a natural sequence, produces the complained of injuries or damages. *MacDonald v. Texaco, Inc.*, 713 S.W.2d 203, 205 (Tex.App.—Corpus Christi 1986, no writ). In the instant case, Butters testified that the throttle on the grinder used by appellant was a producing cause of the incident. However, appellee's experts testified that a different throttle would not have prevented the incident in question.

Texas common law provides that neither a trial court nor an appellate court may substitute its judgment for that of a jury when there is evidence in which the jury could have believed either side's version of the disputed issue. *Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 788 (Tex. App.—Corpus Christi 1984, no writ). We hold that appellant failed to prove that the alleged defective grinder was a producing cause of his injuries as a matter of law. After considering all of the evidence, we conclude that the jury's findings are not so against the great weight and preponderance of the evidence to be manifestly unjust. We overrule appellant's point of error.

Appellee, in its sole cross point, requests this Court to award sanctions in its favor, alleging that this appeal is frivolous and that appellant filed this appeal for purposes of delay. We deny the request for sanctions and overrule the cross point of error.

The judgment of the trial court is AFFIRMED.