Walker v. Ricks







NUMBER 13-01-00098-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

LOIS BERNICE WALKER, Appellant,



v.




CATHERINE RICKS AND WILLIAM RICKS, Appellees.

 

On appeal from the 275th District Court of Hidalgo County, Texas.

 

O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa



 Appellant, Lois Bernice Walker ("Walker"), appeals from the trial court's order granting the motion for judgment
notwithstanding the verdict of appellee, Catherine Ricks ("Catherine"). By a single issue, Walker contends the trial court
erred in granting Catherine's motion after a second consecutive jury returned a verdict of zero damages. In a single
cross-point, appellees, Catherine and William Ricks ("William"), contend the jury's failure to award any money damages to
Catherine for past medical care, past physical pain and suffering, past mental anguish, and past physical impairment is
against the great weight and preponderance of the evidence and is clearly wrong and unjust. We reverse the trial court's
order granting Catherine's motion for judgment notwithstanding the verdict and render judgment in accordance with the
jury's verdict.

A. Background and Procedural History


 On November 17, 1995, Walker was traveling westbound on Ridge Road in McAllen, approaching the intersection of
Savannah Avenue. Catherine was also westbound on Ridge Road and was stopped at the Savannah Avenue intersection
awaiting traffic to clear. According to Walker, as she approached the intersection, a car just to her right honked. This
diverted her attention for a brief moment. When she looked back, she saw Catherine's car in front of her. As her foot was
already on the brake, she merely "bumped into the back end" of Catherine's car.

 Immediately after the accident, Catherine was able to exit her car without a problem and had no visible or objective signs
of injury. Walker's car sustained no damage and Catherine's car was only slightly damaged. The police were not called to
the scene, and no emergency personnel were required. Catherine drove home after the accident and, according to William,
appeared to be fine. The next morning, Catherine went to her family doctor, complaining of neck and jaw pain.

 According to the medical records, Catherine's doctor diagnosed her condition as whip lash and temporomandibular joint
("TMJ") disorder. (1) Later, Catherine went to her family dentist, Dr. Roberto Diaz. Dr. Diaz designed a splint for
Catherine to wear to alleviate pressure on the joint. He also prescribed muscle relaxants for her. Catherine also sought
treatment from two other dentists, but despite their efforts, she still complained of jaw pain.

 One year and a half after the accident, Catherine was referred to Dr. Arnold Valle, a San Antonio maxillofacial surgeon
specializing in dental surgery. His diagnosis was that Catherine had a displaced disk in her jaw. Dr. Valle then performed
surgery to correct Catherine's TMJ disorder.

1. First Trial


 Appellees filed a negligence cause of action against Walker for Catherine's personal injuries and for their damages. (2) 
Appellees moved for partial summary judgment as to liability, and the trial court granted the motion. (3) The case was
presented to the jury solely on the issue of damages, and the jury found zero damages on each element charged. Appellees
subsequently filed a motion for new trial, and the trial court granted the motion.

2. Second Trial


 On re-trial, a second jury also found zero damages. Each appellee moved for a new trial, or in the alternative, for a
judgment notwithstanding the verdict. The trial court denied William's motion and ordered that he "take nothing by his
suit." (4) The trial court, however, granted Catherine's motion for judgment notwithstanding the verdict and awarded her
$43,947.36 for past medical expenses, plus pre-judgment interest. This appeal ensued.

B. Judgment Notwithstanding the Verdict


 In her sole issue, Walker contends the trial court erred in granting Catherine's motion for judgment notwithstanding the
verdict because there is more than a scintilla of evidence to support the jury's finding of zero damages.

1. Standard of Review


 A trial court may disregard a jury's findings and grant a motion for judgment notwithstanding the verdict when there is no
evidence upon which the jury could have based its findings. Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex.
1990); Wal-Mart Stores, Inc. v. Bolado, 54 S.W.3d 837, 841 (Tex. App.-Corpus Christi 2001, no pet.). In other words, a
trial court may render a judgment notwithstanding the verdict if a directed verdict would have been proper. Tex. R. Civ. P.
301; Fort Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991); Bolado, 54 S.W.3d at 841.

 When a party with the burden of proof complains from an adverse jury finding on the basis that the matter was established
as a matter of law, a two-pronged inquiry is required. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989);
Hickey v. Couchman, 797 S.W.2d 103, 109 (Tex. App.-Corpus Christi 1990, writ denied). First, the reviewing court
examines the record for evidence supporting the finding of fact and ignores all evidence to the contrary. Sterner, 767
S.W.2d at 690; Hickey, 797 S.W.2d at 109. If there is more than a scintilla of competent evidence to support the jury's
finding, we will reverse the judgment notwithstanding the verdict. Bolado, 54 S.W.3d at 841. The evidence supporting a
finding amounts to more than a scintilla if reasonable minds could arrive at the finding given the facts proved in the
particular case. Burroughs Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995); Bolado, 54 S.W.3d at 841. Appellate
courts must consider the evidence and inferences as they tend to support the jury's verdict and not with a view towards
supporting the trial court's judgment. Mancorp, Inc., 802 S.W.2d at 227-28;Bolado, 54 S.W.3d at 841. Second, if the court
finds from the evidence that no evidence supports the finding, it must determine from the record whether the contrary
proposition is established as a matter of law. Sterner, 767 S.W.2d at 690; Hickey, 797 S.W.2d at 109. If any evidence of
probative force supports a contested issue, the judgment notwithstanding the verdict was improperly granted. See Leitch v.
Hornsby, 935 S.W.2d 114, 118 (Tex. 1996).

2. Analysis


 The finding at issue before this Court is the amount the jury found for Catherine's past medical expenses. Accordingly, we
begin by reviewing the record for evidence supporting the jury's finding of zero damages.

 At trial, Walker's evidence, consisting of her direct testimony and the cross-examination of appellees' witnesses,
challenged the causal nexus between the automobile accident and Catherine's injuries. Walker denied causation of
Catherine's injury based on the minor nature of the accident, Catherine's condition at the scene, her condition at home after
the accident, and the subjective nature of her complaints. The jury heard evidence that: (1) Walker's car was not damaged
in the accident; (2) Catherine's car had only a "scuff mark"; (3) immediately after the accident Catherine was able to exit
her car without any difficulty; (4) Catherine had no cuts, bleeding, bruises, swelling or other visible and objective signs of
injury after the accident; (5) Catherine told Walker that she was all right; (6) Catherine told a passing motorist that she was
fine; (7) Catherine did not require an ambulance and did not go to the emergency room that day; (8) the police were not
called to the scene; (9) the cars did not need to be towed from the scene; (10) Catherine testified that when her car was hit,
her head did not go back far enough to touch the headrest; (11) William testified that when Catherine returned home after
the accident she did not appear shaken or nervous; (12) William also testified that the local dentists seemed not to believe
there was anything wrong with Catherine; (13) Dr. Diaz testified that he did not find any muscle spasming in Catherine's
jaw, which would have been an objective indication of pain; (14) Catherine had jaw problems in the past, including her jaw
deviating to the left, teeth grinding or "bruxing," jaw tenderness and popping, and migraine headaches, all symptoms of
TMJ problems; (15) Catherine had been taking pain medicine before the accident and her doctor, on at least three prior
occasions, denied her a refill of the prescription; (16) Catherine had filled a prescription for Darvocet one day before the
accident; and (17) Catherine's prescriptions for pain and muscle relaxants were virtually the same before and after the
accident.

 Walker contends the jury could reasonably have inferred that Catherine was not injured in the accident or that any
problems she complained of were pre-existing, and that the above evidence constitutes more than a scintilla of competent
evidence to support the jury's finding. See Bolado, 54 S.W.3d at 841. Appellees assert that they established past medical
expenses as a matter of law, through the uncontradicted testimony of their expert witnesses.

 Texas law clearly sets forth the evidence required to support a claim for past medical expenses. A claim for past medical
expenses must be supported by evidence that such expenses were reasonably necessary for the plaintiff to incur as a result
of her injuries. Transport Concepts, Inc. v. Reeves, 748 S.W.2d 302, 305 (Tex. App.-Dallas 1988, no writ); Carr v.
Galvan, 650 S.W.2d 864, 868 (Tex. App.-San Antonio 1983, writ ref'd n.r.e.). The two ways in which a plaintiff can prove
necessity of past medical expenses are: (1) presenting expert testimony on the issues of reasonableness and necessity; or (2)
presenting an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies
Code. Rodriguez-Narrea v. Ridinger, 19 S.W.3d 531, 532-33 (Tex. App.-Fort Worth 2000, no pet.).

 Proof of amounts charged or paid for past medical expenses is not proof of the reasonableness of those expenses. See
Dallas Ry. & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 382-83 (1956); Six Flags Over Tex., Inc. v. Parker,
759 S.W.2d 758, 760 (Tex. App.-Fort Worth 1988, no writ). Further, evidence that medical expenses are reasonable and
customary is no evidence concerning the "reasonable necessity" of those medical expenses and will not alone support an
award. Reeves, 748 S.W.2d at 305; Carr, 650 S.W.2d at 868 (reasonableness of the medical charges amounts to no
evidence showing the need for the treatment rendered).

 At trial, appellees offered the medical bills incurred by Catherine through the testimony of their expert witness, Dr. Arnold
Valle, the oral surgeon who performed the maxillofacial surgery on Catherine. The medical bills totaled $43,947.36. Dr.
Valle further testified, without objection, that the charges for the medical expenses incurred by Catherine were both
reasonable and necessary as a result of the injury incurred by Catherine in the accident. 

 In support of their assertion, appellees point to section 18.001(b) of the civil practice and remedies code which provides:

Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a
service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient
evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was
necessary.

 

Tex. Civ. Prac. & Rem. Code Ann. §18.001(b) (Vernon 1997).

 Appellees reason that since they presented uncontradicted testimony of expert witnesses regarding the amount of past
medical charges, the reasonableness of those charges, and the necessity for those charges, then their claim for past medical
damages is proved as a matter of law. Indeed, the trial court based its decision in granting appellees' motion for judgment
notwithstanding the verdict on such reasoning. The trial court's judgment notwithstanding the verdict states:

The Court finds that the past medical expenses of Catherine Ricks are liquidated, unchallenged, and have been proven as a
matter of law. Wherefore, as liability was proven as a matter of law, Plaintiff, Catherine Ricks, is entitled to recover said
past medical expenses in the amount of $43,947.36.



 However, Walker is not challenging the reasonableness or necessariness of Catherine's past medical services. She is
challenging causation. Walker contends there is no causal nexus between the automobile accident and the medical
expenses. 

 At trial, a plaintiff must establish two causal nexuses in order to be entitled to recovery: (1) a causal nexus between the
defendant's conduct and the event sued upon; and (2) a causal nexus between the event sued upon and the plaintiff's
injuries. Morgan v. Compugraphic Corp., 675 S.W.2d 729, 731 (Tex. 1984); Gutierrez v. Dresser Indus., Inc., 769 S.W.2d
704, 706 (Tex. App.-Corpus Christi 1989, no writ). "The causal nexus between the event sued upon and the plaintiff's
injuries is strictly referable to the damages portion of the plaintiff's cause of action. Even if the defendant's liability has
been established, proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is
entitled." Morgan, 675 S.W.2d at 732. (5)

 In the context of the present case, section 18.001(b) touches upon three elements of proving damages for past medical
expenses: (1) the amount of the charges for medical services; (2) the reasonableness of the charges; and (3) the necessity of
the charges. See Tex. Civ. Prac. & Rem. Code Ann. §18.001(b) (Vernon 1997); Barrajas v. VIA Metro. Transit Auth., 945
S.W.2d 207, 209 (Tex. App.-San Antonio 1997, no writ). However, evidence presented in accordance with the statute does
not conclusively establish the amount of damages nor does it establish a causal nexus between the accident and the medical
expenses. Beauchamp v. Hambrick, 901 S.W.2d 747, 749 (Tex. App.-Eastland 1995, no writ). "Section 18.001 provides
that evidence of reasonableness and necessity submitted under the statute will support a finding of fact. The statute does
not provide that the evidence is conclusive, nor does it address the issue of causation." Id.; see also Barrajas, 945 S.W.2d
at 208 n.1.

 Neither were Catherine's damages liquidated. See Otis Elevator Co. v. Parmelee, 850 S.W.2d 179, 181 (Tex. 1993);
Missouri Pac. R.R. Co. v. Roberson, 25 S.W.3d 251, 257 (Tex. App.-Beaumont 2000, no pet.); Jones v. Andrews, 873
S.W.2d 102, 107 (Tex. App.-Dallas 1994, no writ); First Nat'l Bank v. Shockley, 663 S.W.2d 685, 689 (Tex. App.-Corpus
Christi 1983, no writ) (damages for personal injuries are unliquidated). Catherine's damages could not be calculated from
the factual as opposed to the conclusory allegations in her petition and an instrument in writing. See Pentes Design, Inc. v.
Perez, 840 S.W.2d 75, 79 (Tex. App.-Corpus Christi 1992, writ denied). Catherine's medical bills do not establish a causal
connection between the injuries alleged and the event sued upon. See Beauchamp, 901 S.W.2d at 749.

 We now address the testimony of Dr. Valle who testified that the medical charges, totaling $43,947.36, were both
reasonable and necessary as a result of the injury incurred by Catherine in the accident. Such testimony does not establish a
material fact as a matter of law. Callejo v. Brazos Elec. Power Coop., Inc., 755 S.W.2d 73, 75 (Tex. 1988); Vega v. Royal
Crown Bottling Co., 526 S.W.2d 729, 736 (Tex. Civ. App.-Corpus Christi 1975, no writ). Nor was his testimony
conclusive on the jury. See McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986) (opinions and judgments of expert
witnesses are not conclusive on the trier of fact). In fact, the jury may disbelieve a witness, including a physician, even
though his testimony is not contradicted. Barrajas, 945 S.W.2d at 209.

 After reviewing the record under the standards of review set out above, we conclude there is more than a scintilla of
competent evidence to support the jury's finding of zero damages. Accordingly, we hold the trial court erred in
disregarding the jury's findings and in rendering judgment for Catherine in the amount of $43,947.36 for past medical
expenses, notwithstanding the jury's verdict. Further, we hold that appellees did not establish Catherine's past medical
damages as a matter of law. Walker's sole issue is sustained.

C. Cross-Point


 When a trial court has entered an erroneous judgment notwithstanding the verdict, the appellate court must reverse the trial
court's judgment and enter judgment in harmony with the verdict, unless the appellee presents, by cross-points, grounds
sufficient to vitiate the jury's verdict or to prevent affirming the judgment had one been entered on the verdict. See Tex. R.
App. P. 38.2(b)(1); Tex. R. Civ. P. 324(c); Miller v. Bock Laundry Mach. Co., 568 S.W.2d 648, 652 (Tex. 1977);
Henderson v. Cent. Power & Light Co., 977 S.W.2d 439, 446 (Tex. App.-Corpus Christi 1998, pet. denied). Accordingly,
we now consider appellees' cross-point.

 Appellees contend that the jury's failure to award any money damages to Catherine for past (1) medical expenses, (2)
physical pain and suffering, (3) mental anguish, and (4) physical impairment, is against the great weight and preponderance
of the evidence and is clearly wrong and unjust. We disagree.

 When we review a factual sufficiency point of error, we consider, weigh, and examine all of the evidence which supports
or undermines the jury's finding. Plas-Tex, Inc. v. United States Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We review
the evidence, keeping in mind that it is the jury's role, not ours, to judge the credibility of the evidence, to assign the weight
to be given to testimony, and to resolve inconsistencies within or conflicts among the witnesses' testimony. Reyna v. First
Nat'l Bank, 55 S.W.3d 58, 73 (Tex. App.-Corpus Christi 2001, no pet.). We set aside the verdict only when we find that
the evidence, standing alone, is too weak to support the finding or that the finding is so against the overwhelming weight of
the evidence that it is manifestly unjust and clearly wrong. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996); Garza v.
Alviar, 395 S.W.2d 821, 823 (Tex. 1965).

 In the present case, Catherine testified that she had jaw pain the morning after the accident. She was not able to open her
mouth properly, which affected her work as a bank secrecy officer. (6) She felt humiliated because every day she had to
wear a visible splint in her mouth in an attempt to stabilize her jaw to alleviate the pain. She also described the physical
pain she endured during splint adjustments and during therapy after the surgery. William echoed her testimony and
described their frustration at not being able to find a comfortable solution to Catherine's pain prior to the surgery performed
by Dr. Valle.

 Dr. Diaz testified that sometime after the accident Catherine came to him complaining of jaw pain and not being able to
open her mouth properly. He prescribed muscle relaxants and designed a splint for her to wear in an attempt to alleviate
this problem. According to Dr. Diaz, since Catherine had never had symptoms of severe pain before the accident, it was
his opinion that Catherine's more advanced problems were developed from and after the accident.

 Dr. Valle testified as an expert and described how the temporomandibular joint properly works, possible injuries to the
joint, how these injuries may occur, and how he repaired Catherine's joint through surgery. Dr. Valle concluded that, in his
opinion, Catherine's bruxism was not enough to cause her TMJ disorder, and that the actual trauma of the automobile
accident caused it.

 In contrast, the jury also heard evidence of the minor nature of the accident, Catherine's condition at the scene of the
accident, her condition at home after the accident, and the subjective nature of her complaints, all detailed above. The jury
then determined that appellees should be awarded zero damages for their claims of past medical expenses, past physical
pain and suffering, past mental anguish, and past physical impairment.

 The mental processes by which a jury determines the amount of damages is ordinarily incognizable by an appellate court. 
See Thomas v. Oldham, 895 S.W.2d 352, 359-60 (Tex. 1995). In assessing personal injury damages, the trier of fact has
great discretion in fixing the amount of the damage award. See McGalliard, 722 S.W.2d at 697. Opinions and judgments
of expert witnesses are not conclusive on the jury. Id.; see Callejo, 755 S.W.2d at 75. Jurors weighing evidence have a
right to use their common knowledge and experience and if the opinions of the experts as given in the evidence do not
comport with the jurors' sense of sound logic, they have a right to say so. Maryland Cas. Co. v. Hearks, 144 Tex. 317, 190
S.W.2d 62, 64 (1945). It is peculiarly within the province of the jury's discretion to determine the dollar amount of a
plaintiff's pain and suffering. Lege v. Jones, 919 S.W.2d 870, 877 (Tex. App.-Houston [14th Dist.] 1996, no writ). There
are no objective guidelines by which a court may measure the money equivalent of mental pain, and much discretion must
be allowed to the jury in fixing this amount. Green v. Meadows, 527 S.W.2d 496, 499 (Tex. Civ. App.-Houston [1st Dist.]
1975, writ ref'd n.r.e.). The determination of the amount of money that will compensate the plaintiff for physical injuries,
impairment, and mental anguish involves a consideration of elements for which no mathematical standard exists except
what an honest or impartial jury may deem adequate. Dico Tire, Inc. v. Cisneros, 953 S.W.2d 776, 792 (Tex. App.-Corpus
Christi 1997, pet. denied).

 The jurors were charged to observe the witnesses, evaluate their demeanor and the credibility of their testimony and
resolve inconsistencies in the evidence. In determining the sufficiency of the evidence to support the jury's findings, the
appellate court accepts, and will not interfere with, the jury's resolution of any conflicts or inconsistencies in the evidence. 
Ortiz v. Ford Motor Credit Co., 859 S.W.2d 73, 76 (Tex. App.-Corpus Christi 1993, writ denied) (citing Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

 While the jury's determinations might be different from those that a trial court or appellate court might have made, our
review of all the evidence leads us to conclude that the jury's findings of zero damages for past medical expenses, past
physical pain and suffering, past mental anguish, and past physical impairment are not so against the overwhelming weight
of the evidence that they are manifestly unjust and clearly wrong. See Ortiz, 917 S.W.2d at 772; Garza, 395 S.W.2d at 823. 
Appellees' cross-point is overruled.

 Accordingly, we reverse the trial court's judgment, and in accordance with the jury's verdict, render judgment that appellee
Catherine Ricks take nothing by her suit.



FEDERICO G. HINOJOSA

Justice





Opinion delivered and filed this the

20th day of March, 2003.


1. The temporomandibular joint is commonly known as the jaw-joint, and is necessary for a person to properly bite, chew,
and speak.

2. Appellees sought past and future damages for: (1) physical pain and mental anguish; (2) physical impairment; (3)
medical care; (4) loss of earning capacity; (5) lost wages; (6) loss of consortium; and (7) loss of household services.

3. Walker does not appeal the trial court's order granting appellees' motion for partial summary judgment on the issue of
liability. Therefore, it is not before us for review.

4. William does not contend that the trial court erred in denying this motion.

5. Although Morgan is a personal injury case where a default judgment was entered, we liken that case to the one at bar. 
In Morgan, the issue was whether the plaintiff proved a causal nexus between the event sued upon and her injuries after a
default judgment was entered against the defendant when it failed to answer. Morgan v. Compugraphic Corp., 675 S.W.2d
729, 730 (Tex. 1984). Similarly, in the present case, a summary judgment was entered as to liability, leaving damages as
the sole issue before the jury.

6. As a bank secrecy officer, Catherine is responsible for training all new bank employees concerning the proper protocol
for dealing with and reporting suspicious activities, such as money laundering or drug smuggling.