NUMBER 13-03-359-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DELIZA MENDOZA,                                                                     Appellant,
v.
RICHARD SANDOVAL, ET AL,                                                   Appellees.



On appeal from the 28th District Court
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

                             Opinion by Chief Justice Valdez
          This is a restricted appeal of a no-answer default judgment granted in favor of
appellees, Richard Sandoval and Cristina Escamilla, appearing individually and as next
friend of her minor children Sebastian and Justin Escamilla, and against appellant, Deliza
Mendoza. Appellant contends the following two errors are apparent on the face of the
record and require a remand for a new trial: (1) there is no evidence that appellees’
medical bills and treatment were reasonable and necessary; and (2) there is no evidence
to support the trial court’s award of past and future pain and suffering or mental anguish. 
We affirm in part and reverse and remand in part.
I. Factual and Procedural Background
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite the facts here except as necessary to advise the parties of the Court’s decision
and the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis
Restricted Appeal
          A restricted appeal is a direct attack on a judgment which affords an appellant the
same scope of review as an ordinary appeal, that is, a review of the entire case. Diles v.
Henderson, 76 S.W.3d 807, 809 (Tex. App.–Corpus Christi 2002, no pet.). To prevail on
her restricted appeal,


 appellant must establish that: (1) she filed notice of the restricted
appeal within six months after the judgment was signed; (2) she was a party to the
underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment
complained-of and did not timely file any post-judgment motions or requests for findings
of fact and conclusions of law; and (4) error is apparent on the face of the record. See
Tex. R. App. P. 30; Alexander v. Lynda's Boutique, 134 S.W.3d 845, 848 (Tex. 2004);
Carmona v. Bunzl Distrib., 76 S.W.3d 566, 568 (Tex. App.–Corpus Christi 2002, no pet.). 
The face of the record, for purposes of restricted appeal review, consists of all the papers
on file in the appeal. Norman Communications v. Tex. Eastman Co., 955 S.W.2d 269, 270
(Tex. 1997) (per curiam). 
          The record establishes, and appellees do not dispute, appellant satisfied the first
three requirements for a restricted appeal; thus, only the fourth requirement is at issue.
1. Reasonable and Necessary Medical Treatment 
          In her first issue, appellant asserts there is no evidence that the medical bills and
treatment appellees’ received was reasonable and necessary. Appellant’s assertion is
twofold; appellant asserts (1) appellees failed to comply with section 18.001 of the Texas
Civil Practice and Remedies Code in introducing the medical records, and thus, they are
not admissible and cannot support the judgment; and (2) even if the medical records
offered were admissible, they only establish the amount charged or expended, not the
reasonableness or necessity of the expenses.
Standard of Review
          In a default judgment, the defendant's failure to answer operates as an admission
of all material facts alleged in the plaintiff's petition except unliquidated damages. See Holt
Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 83 (Tex. 1992); First Nat'l Bank v. Shockley,
663 S.W.2d 685, 689 (Tex. App.–Corpus Christi 1983, no writ) (stating damages for
personal injuries are unliquidated). A claim for past medical expenses must be supported
by evidence that such expenses were reasonably necessary for the plaintiff to incur as a
result of her injuries. See Texarkana Mem’l Hosp., Inc. v. Murdock, 946 S.W.2d 836, 840
(Tex. 1997); Transp. Concepts, Inc. v. Reeves, 748 S.W.2d 302, 305 (Tex. App.–Dallas
1988, no writ). The two ways in which a plaintiff can prove necessity of past medical
expenses are (1) presenting expert testimony on the issues of reasonableness and
necessity, or (2) presenting an affidavit prepared and filed in compliance with section
18.001 of the Texas Civil Practice and Remedies Code. See Walker v. Ricks, 101 S.W.3d
740, 746-47 (Tex. App.–Corpus Christi 2003, no pet.); Rodriguez-Narrea v. Ridinger, 19
S.W.3d 531, 532-33 (Tex. App.–Fort Worth 2000, no pet.). Proof of amounts charged or
paid for past medical expenses is not proof of the reasonableness of those expenses. See
Walker, 101 S.W.3d at 746-47. Further, evidence that medical expenses are reasonable
and customary is no evidence concerning the "reasonable necessity" of those medical
expenses and will not alone support an award. See id.; Carr v. Galvan, 650 S.W.2d 864,
868 (Tex. App.–San Antonio 1983, writ ref'd n.r.e.) (reiterating that reasonableness of the
medical charges amounts to no evidence of the need for the treatment rendered).
Analysis
          Section 18.001 provides in relevant part:
Unless a controverting affidavit is filed as provided by this section, an
affidavit that the amount a person charged for a service was reasonable at
the time and place that the service was provided and that the service was
necessary is sufficient evidence to support a finding of fact by judge or jury
that the amount charged was reasonable or that the service was necessary.
. . . .
 
The party offering the affidavit in evidence or the party's attorney must file
the affidavit with the clerk of the court and serve a copy of the affidavit on
each other party to the case at least 30 days before the day on which
evidence is first presented at the trial of the case.
 
Tex. Civ. Prac. & Rem. Code § 18.001 (b), (d) (Vernon 2004). Section 18.001 does not
speak to the admissibility of the evidence; rather, it creates an exception to the general rule
requiring expert testimony to establish the reasonableness and necessity of expenses. 
See Walker, 101 S.W.3d at 746. So long as the requirements of section 18.001 are met
and the opponent does not file a controverting affidavit, a party may dispense with the
inconvenience and expense of obtaining an expert to testify as to the necessity and
reasonableness of the expenses. See id. 
          At the default judgment hearing, appellees did not provide an expert to establish the
reasonableness and necessity of the past medical expenses nor did they submit an
affidavit in attempt to comply with section 18.001 to dispense with the necessity of
providing an expert witness to establish the reasonableness and necessity of the past
medical expenses. Therefore, we conclude appellees failed to carry their burden to
establish the reasonableness and necessity of the past medical expenses, and we sustain
appellant’s first contention. 
          Because of our disposition of appellant’s first contention, we need not address her
second contention regarding medical records, and we sustain her first issue on appeal.


 
See Tex. R. App. P. 47.4. 
2. Damages
          In her second issue, appellant asserts there is no evidence to support the trial
court’s award of future medical expenses and mental anguish. Specifically, appellant
asserts:
the medical records submitted for the parents have no indication of future
treatments or problems, and no medical records at all were introduced as
regards [to] the children’s claims here. It is apparent from the face of the
record that there was no evidence to support an award for mental anguish
or past and future suffering on behalf of appellees. 
 
Standard of Review
          When reviewing a no evidence point, we must view the evidence in a light that tends
to support the finding of a disputed fact and disregard all evidence and inferences to the
contrary. See Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705, 717 (Tex.
2003). A no evidence point may be sustained only when the record discloses (1) there is
a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or
evidence from giving weight to the only evidence offered to prove a vital fact; (3) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence
establishes conclusively the opposite of the vital fact. Uniroyal Goodrich Tire Co. v.
Martinez, 977 S.W.2d 328, 334 (Tex. 1998). If there is any evidence of probative force to
support the finding, the point must be overruled and the finding upheld. Sherman v. First
Nat'l Bank, 760 S.W.2d 240, 242 (Tex. 1988). 
Analysis
          We have concluded appellees presented no evidence of the reasonableness and
necessity of the pled past medical expenses. We extend that analysis and conclusion to
the award of future medical expenses. See Walker, 101 S.W.3d at 746-47; Jackson v.
Gutierrez, 77 S.W.3d 898, 902 (Tex. App.–Houston [14th Dist.] 2002, no pet.). We sustain
appellant’s contention with regard to future medical expenses. 
          Mental anguish damages cannot be awarded without either "direct evidence of the
nature, duration, or severity of [plaintiffs'] anguish, thus establishing a substantial disruption
in the plaintiffs' daily routine", or other evidence of "'a high degree of mental pain and
distress' that is 'more than mere worry, anxiety, vexation, embarrassment, or anger'". 
Parkway Co. v. Woodruff, 901 S.W.2d 434, 444 (Tex. 1995); Minn. Life Ins. Co. v.
Vasquez, 133 S.W.3d 320, 324 (Tex. App.–Corpus Christi 2004, pet. filed). Appellees
failed to present the requisite evidence necessary to a mental anguish claim. The only
evidence presented by appellees to establish mental anguish was a “yes” response to
counsel’s questions to the respective appellees: i.e., “did [plaintiff/appellee] endure mental
anguish in the past” and “will [plaintiff/appellee] continue to suffer mental anguish in the
future?” These responses did not sufficiently establish that there was a substantial
disruption in appellees’ daily routines, nor did they show the nature, duration or severity of
appellees’ anguish. We sustain appellant’s contention. 
          We accordingly sustain appellant’s second issue on appeal. 
III. Conclusion 
          We reverse the trial court’s award of damages and remand the case back to the trial
court for further consideration of unliquidated damages. See Holt Atherton Indus., 835
S.W.2d at 86 (“when an appellate court sustains a no evidence point after an uncontested
hearing on unliquidated damages following a no-answer default judgment, the appropriate
disposition is a remand for a new trial on the issue of unliquidated damages.”). However,
appellant may not question liability on remand as she admitted liability for the injuries
suffered by appellees by failing to answer the petition. See id. at 83. Thus, we affirm the
trial court’s judgment regarding liability.                                                               
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Memorandum Opinion delivered and filed
this 28th day of April, 2005.