**Jose CAMPOS, Appellant,**

**v.**

**SAIDE COMPANY, INC., d/b/a España Apartments, Appellee.**

**No. 04–97–00003–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 10, 1997.

Richard D. Harrell, San Antonio, for Appellant.

Javier Oliva, Carlos Garcia, Oliva & Saks, L.L.P., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LOPEZ and ANGELINI, JJ.

### OPINION

LOPEZ, Justice.

This appeal asks this court to reverse and remand for a new trial because the jury in a personal injury case awarded zero damages to the plaintiff. Because we believe the jury properly applied the law to the facts of the plaintiff's case, we affirm.

Appellant, Jose Campos, was formerly employed by Appellee, Saide Company, Inc. (Saide), as a maintenance technician at España Apartments. While working for Saide, Campos twice fell from a ladder, injuring his left ankle, both knees, and his neck. After the first fall, Campos continued to work, but the second fall necessitated medical treatment which he obtained at his own expense. After he saw a doctor for the injuries to his ankle, knees, and neck, he complained of back pain as well. Five months after the second fall, Campos quit his job and filed with the Texas Workers' Compensation Commission for reimbursement of his medical expenses and lost wages.

The Commission determined that Saide was not covered by workers' compensation

insurance at the time of the first fall, but compensated Campos for injuries sustained in the second fall. That compensation included benefits for injuries to Campos's ankle, knees and neck, and for a decagram to determine injury to his back. The Commission denied payment for future back surgery that Campos claims is necessary, apparently because the Commission determined that the second fall did not cause the back injury.

After the Commission's decision, Campos sued Saide for injuries resulting from the first fall. The jury found that Campos was injured on the job during the first fall and that Saide's negligence proximately caused Campos's injuries, but awarded no damages. In his sole point of error, Campos complains that the jury's verdict was against the great weight and preponderance of the evidence.

 In reviewing a factual insufficiency point, the reviewing court must examine the entire record and weigh all the evidence, and reverse only if the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (stating standard for reviewing complaint of factual insufficiency); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 457 (Tex.1985) (determining that court of appeals applied correct standard of review for factual sufficiency). After reviewing the record here, we conclude that the award of zero damages is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. The jury was required to weigh testimony that suggested that Campos injured his back in the first fall with testimony that indicated that Campos's back injury could have resulted from the second fall or reflected a progression of earlier trauma. During trial, medical experts testified that Campos underwent back surgery four years before the first fall, that back problems are progressive in nature, that Campos continued to work after the first fall, and that Campos did not complain of back problems until several months after the second fall. In addition, evidence showed that around the time of the falls, Campos experienced changes at work that had affected his compensation and that Campos moved furniture from his apartment shortly after he quit his job.

The trial court explicitly charged the jury not to consider damages for any condition that resulted from injuries sustained in a prior or subsequent accident, except to the extent that Campos's injuries were aggravated by the first fall. Although the jury found that Campos was injured in the first fall because of Saide's negligence, the jury was apparently unconvinced that Campos's back injuries and psychiatric problems resulted from that fall. Based on the evidence, the jury could conclude from Campos's ability to continue working after the first fall and from his failure to complain of back pain after the first fall, that Campos's disabilities stemmed from the second fall which was covered by his workers compensation claim, or had existed prior to the first fall. Under these circumstances, a finding of zero damages is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Because the jury's finding is not clearly wrong or unjust, we affirm the judgment.