**Servando and Lesvia Amanda GONZALEZ, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

**No. 04–02–00709–CV.**

Court of Appeals of Texas, San Antonio.

March 31, 2004.

Rehearing Overruled May 10, 2004.

---

Richard V. Secord, Jr., Virgil W. Yanta, Yanta & Mata, San Antonio, for Appellant.

Sara M. Wilder, Jane M.N. Webre, Scott, Douglass & McConnico, L.L.P., Austin, Jaime A. Drabek, Drabek & Associates, Harlingen, Douglas W. Alexander, Alexander Dubose Jones & Townsend LLP, Austin, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

Appellants Servando and Lesvia Amanda Gonzalez (Gonzalezes) filed suit against appellee Wal–Mart Stores, Inc. (Wal–Mart) after Servando was allegedly injured in a Wal–Mart store. A jury found Servando and Wal–Mart equally responsible for the incident and awarded him $20,000 in damages for past physical pain and suffering. The trial court reduced the damages proportionately, and the final judgment reflected an award of $10,000 to the Gonzalezes. The Gonzalezes now appeal this judgment in three issues.

### BACKGROUND

At the time of the incident, appellant Servando Gonzalez was employed as a truck driver for a snack food company. Pursuant to his employment, Servando delivered snack food products to various stores, unloading the merchandise and setting up display areas for the products.

On July 12, 1997, Servando delivered his merchandise to a Wal–Mart store in Rio Grande City. He carried a wire rack into the store and began placing products on the bottom shelf of the rack. While placing the items on the shelf, Servando heard someone approaching from behind him. Wal–Mart employee Roel Moreno was pushing a pallet jack loaded with Wal–Mart merchandise past Servando when several boxes fell off the jack. A handful of the boxes struck Servando, causing him to sustain the injuries which are the subject of the underlying suit. Servando and his wife Lesvia Amanda Gonzalez sued Wal–Mart and Roel Moreno for negligence.

### PRE-JUDGMENT INTEREST

In their first issue, the Gonzalezes allege the trial court erred in rendering a

final judgment that did not include mandatory prejudgment interest. The court's order however, mandates that the Gonzalezes recover "the total sum of $10,000 as actual damages, including pre-judgment interest, with post-judgment interest" running from the date of the judgment until paid.

Because the judgment does, in fact, include prejudgment interest, we can only assume the Gonzalezes are contesting the supposed inclusion of the pre-judgment interest amount in the total damages award of $10,000. At the hearing on the motion for judgment, the attorney for Wal–Mart agreed to a $10,000 award plus prejudgment interest, an amount decided upon by the Wal–Mart attorney and the Gonzalezes' attorney. Wal–Mart did not object to an additional award of prejudgment interest and, on appeal, Wal–Mart does not address this first issue.

Under Texas law, judgments in cases involving personal injury are to include prejudgment interest. *See* TEX. FIN.CODE ANN. § 304.102 (Vernon Supp.2004); *Zamarripa v. Sifuentes*, 929 S.W.2d 655, 657 (Tex.App.-San Antonio 1996, no writ). Prejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant first receives written notice of a claim or on the day the suit is filed, whichever occurs first. *See* TEX. FIN.CODE ANN. § 304.104 (Vernon Supp.2004). Looking at the facts of the case before this Court, it appears as though all parties

were in agreement with the award of $10,000 plus prejudgment interest as calculated under the statute. Examining the record, it appears as though the trial court's judgment contemplates an award of prejudgment interest *in addition to* the $10,000 award in spite of its misleading language which "include[s]" prejudgment interest in the total award of $10,000 rather than expressly adding it to the award. Therefore, under the applicable statutes, we conclude the trial court impliedly awarded prejudgment interest in an unspecified amount in addition to the $10,000 award for actual damages. We affirm the judgment of the trial court, modifying this portion of the judgment so that the Gonzalezes are awarded prejudgment interest in addition to the $10,000 in actual damages.

## LEGAL AND FACTUAL SUFFICIENCY

In their second issue, the Gonzalezes argue the evidence is both legally and factually insufficient to support the jury's findings. Specifically, they complain about the jury's finding of comparative negligence on the part of Servando Gonzalez and the jury's zero damages award on several of the elements included in the trial court's charge.[1]

### Standard of Review

In conducting a review for legal sufficiency, we consider the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary. *Lee Lewis*

---

1. The jury found zero damages on the following issues: physical pain and suffering that Servando Gonzalez will sustain in the future, mental anguish sustained in the past, mental anguish that Servando Gonzalez will sustain in the future, physical impairment sustained in the past, physical impairment that Servando Gonzalez will sustain in the future, medical care incurred in the past, medical care that Servando Gonzalez will sustain in the future, physical disfigurement in the past, physical disfigurement that Servando Gonzalez will sustain in the future, loss of earning capacity sustained in the past, and loss of earning capacity that Servando Gonzalez will sustain in the future. The jury also found zero damages with regard to all loss allegedly sustained by Lesvia Amanda Gonzalez, including loss of household services and loss of consortium.

*Const., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex.2001); *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). If more than a scintilla of evidence exists, the evidence is legally sufficient. *Lee Lewis Const., Inc.,* 70 S.W.3d at 782. More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.* at 782–83. When considering factual sufficiency challenges to a jury's verdict, courts of appeals must consider and weigh all of the evidence, not just evidence which supports the verdict. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998); *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). A court of appeals can set aside the verdict only if it is so contrary to the overwhelming weight of the evidence that the verdict is clearly wrong and unjust. *Maritime Overseas Corp.,* 971 S.W.2d at 407; *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Leyva v. Pacheco,* 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The factfinder may believe one witness and disbelieve another, and resolves inconsistencies in testimony. *McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986). Where enough evidence is before the factfinder that reasonable minds could differ on the meaning of the evidence, or the inferences and conclusions to be drawn from the evidence, we may not substitute our judgment for that of the factfinder. *See Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988). When the jury did not find a fact based upon a preponderance of the evidence, we may not reverse merely because we conclude that the evidence preponderates toward a different answer. *Id.*

### Comparative Negligence

■ Turning first to the issue of Servando Gonzalez's liability, we examine the evidence presented at trial. At trial, Servando testified that he was crouched down, setting up a display rack when he heard someone approaching from behind. He specifically stated that he did not pay attention to the noises because he was in a hurry and wanted to finish quickly. Servando also stated that he had seen an employee pushing a pallet jack, noticed that the pallet was leaning, and had passed the employee and pallet in order to begin arranging the display. In addition, he testified that he had not heard any warning yells and, in spite of the fact that he saw the pallet get caught on a drink display, did not realize what was happening until he was hit on his right shoulder by a box which had fallen from the pallet.

Roel Moreno, an employee at Wal–Mart and the individual who was pushing the pallet jack at the time the merchandise fell on Servando Gonzalez, also testified at trial. Moreno stated that he did not notice whether the boxes on the top of the pallet were shrink wrapped and had simply started pushing the pallet jack. He was passing Servando when the pallet began to tip and claims he tried to warn Servando before he was hit.

■ In spite of Servando's contentions that he was not at fault, the jury, as the trier of fact, could have found him to be partly liable from the evidence presented at trial. Conflicting evidence regarding an injured party's failure to heed warnings and get out of the way of danger may be sufficient to support a jury's finding of that party's negligence. *See Rosell v. Central West Motor Stages, Inc.,* 89 S.W.3d 643, 659–60 (Tex.App.-Dallas 2002, pet. denied.). In addition, a jury is given wide latitude in its duty as the factfinder to allocate responsibility for an accident. *Id.* Even if the evidence could support a dif-

ferent percentage allocation of responsibility, an appellate court may not substitute its judgment for that of the jury. *Id.* We find the evidence presented at trial to be both legally and factually sufficient to support the jury's finding of Servando Gonzalez's negligence because there is more than a scintilla of evidence to support their finding and because this finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. *See Lee Lewis Const., Inc.,* 70 S.W.3d at 782; *Cain,* 709 S.W.2d at 176.

### Zero Damages

█ We now turn to the issue of damages. A trier of fact has great discretion in fixing the amount of the damage award. *McGalliard,* 722 S.W.2d at 697; *Barrajas v. VIA Metro. Transit Auth.,* 945 S.W.2d 207, 209 (Tex.App.-San Antonio 1997, no writ). Although the Gonzalezes cite numerous cases in which appellate courts overturned zero damages awards, those cases involved uncontroverted evidence of injury and causation. *See, e.g., Bolen v. Timmons,* 407 S.W.2d 947 (Tex.Civ.App.-Amarillo 1966, no writ); *Hammett v. Zimmerman,* 804 S.W.2d 663 (Tex.App.-Fort Worth 1991, no writ); *Monroe v. Grider,* 884 S.W.2d 811 (Tex.App.-Dallas 1994, writ denied); *Tarver v. County of Jasper,* 927 S.W.2d 795 (Tex.App.-Beaumont 1996, no writ). Contrary to the above cited cases, there is conflicting evidence in the case at hand. Several appellate courts have affirmed zero damages awards where the evidence on the damages was conflicting. *See, e.g., Rios v. Texas Dept. of Mental Health and Mental Retardation,* 58 S.W.3d 167 (Tex.App.-San Antonio 2001, no pet.), *Biggs v. GSC Enterps., Inc.,* 8 S.W.3d 765 (Tex.App.-Fort Worth 1999, no pet.); *Campos v. Saide Co.,* 957 S.W.2d 168 (Tex.App.-San Antonio 1997, no writ); *Srite v. Owens–Illinois, Inc.,* 870 S.W.2d 556 (Tex.App.-Houston [Dist.] 1993), *rev'd*

on other grounds, *Owens–Illinois, Inc. v. Burt,* 897 S.W.2d 765 (Tex.1995). These cases and their progeny hold that while a jury may not disregard objective symptoms of an injury, it may ignore a complaining party's subjective evidence. *Srite,* 870 S.W.2d at 559. Additionally, a jury may weigh testimony regarding previous or subsequent injury and its effect on the complaining party. *See Campos,* 957 S.W.2d at 169.

█ At trial the Gonzalezes presented the testimony of Dr. Joseph Wilson, an orthopedic surgeon who operated on Servando's back in December of 1999 and April of 2000. Dr. Wilson testified that a person in Servando's condition would have continuing residual pain and residual loss of function. In Dr. Wilson's opinion the limitations on Servando's functional ability are permanent. He also testified that, assuming Servando had told the truth regarding the circumstances under which the incident took place and assuming that he had no prior injuries which would affect his neck and back, it was most likely the Wal–Mart accident which caused the injuries for which he needed surgery. Dr. Don Marini also testified that Gonzalez's job options are severely limited due to his injuries. Dr. Victor Alvarado testified as to Servando's emotional problems such as chronic anxiety and depression. Finally, Servando and Lesvia Amanda Gonzalez both testified, describing the ways in which their lives had been "destroyed" because of Servando's injuries.

Wal–Mart presented controverting evidence through both the direct examination of their own witnesses, such as Dr. Alfred Bowles, and the cross examination of the Gonzalezes' witnesses. Wal–Mart introduced evidence, including a 1994 social security application and a medical intake form, that Gonzalez had prior injuries to

his back and that he had abnormalities in his back that were unrelated to trauma. In addition, Dr. Bowles testified that the Wal–Mart incident could not have caused the types of injuries which Gonzalez complained of and that the surgeries were not necessary for the types of injuries sustained.

As stated above, the factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Leyva,* 358 S.W.2d at 549. The factfinder may believe one witness and disbelieve another, and resolves inconsistencies in testimony. *McGalliard,* 722 S.W.2d at 697. Keeping this in mind, we find the evidence to be both legally and factually sufficient to sustain the jury's finding of zero damages on all issues aside from past physical pain and suffering.

Because the evidence introduced at trial is both legally and factually sufficient to sustain the jury's findings as to both Servando's negligence and the amount of damages awarded, the Gonzalezes' second issue is overruled.

### COLLATERAL SOURCE RULE

■ Finally, in their third issue, the Gonzalezes contend that counsel for Wal–Mart violated the collateral source rule by mentioning Servando's social security benefits several times and, because of this violation, they should be afforded a new trial.

■ We first turn to the question of whether error has been properly preserved for review. To preserve error for an alleged violation of the collateral source rule, an appellant must have (1) objected on specific grounds, (2) requested an instruction that the jury disregard that comment, and (3) moved for a mistrial. TEX. R.APP. P. 33.1. The Gonzalezes contend that there are 21 violations of the collateral source rule in the record. However, the Gonzalezes failed on numerous occasions to object to the admission of evidence concerning Servando's 1995 social security application. Even if the introduction of the evidence constitutes error, the Gonzalezes have failed to preserve this error for appeal. In addition, any error in the improper admission of evidence is deemed harmless if the complaining party subsequently permits the same or similar evidence to be introduced without objection. *Richardson v. Green,* 677 S.W.2d 497, 501 (Tex.1984). The Gonzalezes' third issue is overruled.