IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00017-CV

 

A.J. Morris, M.D.,

                                                                      Appellant

 v.

 

Katherine L. Blanchette, M.D.

                                                                      Appellee

 

 

 



From the 67th District Court

Tarrant County, Texas

Trial Court No. 067-198492-03

 



Opinion



 








          Dr. A.J. Morris sued Dr. Katherine
Blanchette for libel per se after Blanchette issued a peer review report
to a worker’s compensation carrier which was critical of Morris’s treatment of
a patient.  Blanchette filed a traditional summary judgment motion which the
court granted.  Morris contends in his sole issue that the court erred by
granting the summary judgment motion because: (1) a genuine issue of material
fact remains on the question of whether the statements at issue can be
considered constitutionally protected opinions; (2) a single statement can give
rise to a claim for libel per se, even if the statement does not suggest
a habitual course of similar conduct; (3) the statements at issue are libelous per
se because they do not require extrinsic evidence to establish their defamatory
nature; (4) Morris’s participation in the worker’s compensation system does not
establish consent “to defamatory or untrue statements” made in the course of
the peer review system; and (5) the statements are not privileged at common law
or under the Labor Code.  We will affirm.

Background

          According to the summary judgment
record, Morris treated Lawrence Davis for a lower back injury which he
sustained at work on March 14, 2002.  Among other things, Morris prescribed
Lortab and later Xanax for Davis.  Morris saw Davis on a regular basis for
several months.  He recommended physical therapy and that Davis not work.  On
August 7, Morris concluded that Davis had achieved maximum medical improvement
and assigned him a five percent impairment rating.  Morris continued to see Davis thereafter, maintaining the recommendation that Davis not work and continuing the
prescriptions for Lortab and Xanax.

          An insurance adjustor requested that
Blanchette conduct a peer review apparently to evaluate the medical necessity
of Davis’s treatment regimen.  According to Blanchette’s report, the
observations and opinions given therein were “based solely upon the chart data
available for review.”  Blanchette did not personally examine Davis.  To
paraphrase, Blanchette concluded that, after Davis attained maximum medical
improvement, there should be no medical necessity for further physical therapy
or prescription medications.

          The following excerpts from
Blanchette’s four-page report form the basis for Morris’s lawsuit.

          Dr. Morris continued to follow the
claimant.  On 08/26/02, the physician documented that the claimant “had pain
and spasms.”  Unfortunately, he kept the claimant in an off work status and
continued to prescribe Lortab and Xanax.

 

          .  .  .  .

 

          By definition, maximum medical
improvement means that the claimant has reached a plateau in the course of
illness.  It may be possible that this claimant may need to continue taking
some medications, preferably of an over-the-counter type, to maintain that
status.

 

          However, it would not really be
appropriate to continue treating the claimant on an ongoing basis with any
other additional types of therapy.

 

          There would be no medical necessity
for any additional treatment such as, physical therapy, work hardening, work
conditioning, injections, prescription medications, or further diagnostic
testing.

 

          .  .  .  .

 

          FINAL CONCLUSIONS

 

          .  .  .  .

 

(2)      A soft tissue injury
should stabilize within a period of six to twelve weeks.  This claimant was at
maximum medical improvement by 08/07/02.  There would be no medical necessity
for any additional physical therapy, work hardening, work conditioning, or
prescription medications.

 

          Morris contends that the report is defamatory because it accuses
him of prescribing medicine without “a valid medical purpose,” which is a
felony offense under the Health and Safety Code.  See Tex. Health & Safety Code Ann. §§ 481.071(a),
481.128 (Vernon 2003).

Fact
or Opinion

          The determination of “whether a
publication is an actionable statement of fact or a constitutionally protected
expression of opinion” “depends on a reasonable person’s perception of the
entirety of a publication and not merely on individual statements.”  Bentley
v. Bunton, 94 S.W.3d 561, 579 (Tex. 2002) (quoting Turner v. KTRK TV,
Inc., 38 S.W.3d 103, 115 (Tex. 2000)) (second quotation only).  A statement
is considered to be an opinion when, upon consideration of “the entire context
in which it was made,” it cannot be objectively verified.  See Bentley,
94 S.W.3d at 581; see also Milkovich v. Lorain Journal Co., 497 U.S. 1, 21-22, 110 S. Ct. 2695, 2707, 111 L. Ed. 2d 1 (1990)).

          Thus in Milkovich, the Supreme
Court considered a newspaper column in which the author accused a high school
wrestling coach (Milkovich) of lying in a judicial proceeding concerning an
altercation that happened at a wrestling match.  See Milkovich, 497 U.S. at 3-5, 110 S. Ct. at 2697-98.  In determining whether the statements at issue constituted
subjective opinion or objectively verifiable facts, the Court observed:

                   We also think the connotation
that petitioner committed perjury is sufficiently factual to be susceptible of
being proved true or false.  A determination whether petitioner lied in this
instance can be made on a core of objective evidence by comparing, inter
alia, petitioner’s testimony before the OHSAA board with his subsequent
testimony before the trial court.  As the Scott court noted regarding
the plaintiff in that case: “[W]hether or not H. Don Scott did indeed perjure
himself is certainly verifiable by a perjury action with evidence adduced from
the transcripts and witnesses present at the hearing.  Unlike a subjective
assertion the averred defamatory language is an articulation of an objectively
verifiable event.”  So too with petitioner Milkovich.

 

Id.
at 21-22, 110 S. Ct. at 2707 (quoting Scott v. News-Herald, 25 Ohio St. 3d 243, 252, 496 N.E.2d 699, 707 (1986)).

          As the Supreme Court of Texas has
unambiguously stated, “To distinguish between fact and opinion, we are bound to
use as our guide the United States Supreme Court’s latest word on the subject, Milkovich
v. Lorain Journal Co.”  Bentley, 94 S.W.3d at 579.  Resolution of
this issue is a question of law.  Id. at 580.

Application

          Morris contends that the statements at
issue here are like those found defamatory in Pisharodi v. Barrash,
which also involved a peer review on medical necessity conducted for a worker’s
compensation insurance carrier.  116 S.W.3d 858, 860 (Tex. App.—Corpus Christi
2003, pet. denied).  However, a review of excerpts from the statements at issue
in Pisharodi reveals that they are not comparable.

          In that case, the evaluating physician
made numerous inflammatory remarks in the course of concluding that in his
opinion the treatment recommended by the physician being evaluated was not
medically necessary.  Here are some excerpts:

          Needless to say, this is a travesty.

 

          .  .  .  .

 

          Basically he has disregarded
everything that was discussed with him and recommended and just went ahead and
did a poorly executed, improperly done operation.

 

          .  .  .  .

 

          The surgery performed by Dr. Pisharodi
was certainly not the same surgery which was authorized.  It was what he wanted
to do and not what was necessary and certainly not that which was approved.  In
my opinion it was totally unreasonable and substantially failed to meet the
professional, recognized standards of that which was allowable and authorized.

 

          .  .  .  .  Come hell or high water,
he was going to see that this unnecessary procedure would be performed on this
poor, unfortunate young man.

 

          I think that before anyone allows Dr.
Pisharodi to attack this young man again, he needs to see another physician.  

 

          .  .  .  .

 

          If the procedure is necessary as
recommended by Pisharodi, it is necessary because of his ill advised, poorly
performed, unnecessary procedure not of the standard of care in any community.

 

          The stabilization at 2 levels was not
necessary on this 24-year-old man’s back when I saw him.  If it is necessary
now, it is necessary because of the arrogance and disregard to the patient’s
safety as exhibited by Dr. Pisharodi.

 

          Without question, this case needs to
be taken to the Texas Board of Medical Examiners as a clear indication of an
ill conceived, unauthorized, poorly performed, unnecessary surgery.

 

          Needless to say, the gouging
demonstrated on the billing of $14,200.00 was primarily for Dr. Pisharodi’s
benefit and certainly not for the patient.  .  .  .

 

          In my opinion, Dr. Pisharodi has
assaulted this man under the guise of medical treatment.

 

Pisharodi, 116 S.W.3d at 862-63.

          The Corpus Christi Court characterized
Barrash’s report as “not only a scathing evaluation of Dr. Pisharodi’s
performance but an accusation that his actions in treating Escobedo amounted to
nefarious criminal conduct, namely, assault.”  Id. at 863.  Blanchette’s
report simply does not rise to this level.

          First, the nature of the injury being
reviewed in this case, a lower back injury, is often difficult to objectively
verify.  Thus, appellate courts have frequently affirmed zero damages verdicts
in cases involving back injuries.  See e.g. Gonzalez v. Wal-Mart Stores,
Inc., 143 S.W.3d 118, 123-24 (Tex. App.—San Antonio 2004, no pet.); Dunn
v. Bank-Tec South, 134 S.W.3d 315, 324-26 (Tex. App.—Amarillo 2003, no
pet.); Biggs v. GSC Enters., Inc., 8 S.W.3d 765, 768-69 (Tex. App.—Fort
Worth 1999, no pet.); Crow v. Burnett, 951 S.W.2d 894, 897-99 (Tex.
App.—Waco 1997, pet. denied).

          Second, in the worker’s compensation
system, the claimant, the provider, and the carrier all have the right to an
independent review when there is a dispute on the issue of medical necessity.  See
28 Tex. Admin. Code § 133.308
(2005) (Tex. Dept. of Ins., Div. of Workers’ Compen.).  It is imperative to the
effectiveness of the independent review system that an evaluating physician or
panel be allowed to plainly state its opinion regarding whether the treating
physician has provided or recommended medically necessary treatment.  A holding
that a report like Blanchette’s is defamatory would undermine this system.

          Finally, a peer review report like
Blanchette’s which concludes that the treating physician has exceeded that
which is medically necessary can be made without the “scathing,” inflammatory
rhetoric employed in Pisharodi.  In our view, Blanchette’s report
maintains the appropriate tenor and does not go beyond what was necessary to
state her opinion that Morris’s treatment exceeded that which was medically
necessary.

Accordingly, we hold as a matter of law that
Blanchette’s report contains her “constitutionally protected expression of
opinion” and is thus not defamatory.  See Bentley, 94 S.W.3d at 579. 
Therefore, we overrule Morris’s sole issue and affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring in the result without a separate opinion)

Affirmed

Opinion delivered and
filed October 26, 2005

[CV06]