Opinion issued December 20, 2007









 



     


In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00727-CV




KASEY SCHOTT, Appellant

v.

HUBERT KNIGHT, G-P DEVELOPMENT LTD., D/B/A SERVICE PARK,
CENTRAL PARKING CORPORATION AND ALLRIGHT PARKING
SYSTEM A/K/A CENTRAL PARKING SYSTEM OF TEXAS, INC., 
Appellees




On Appeal from the 270th District Court 
Harris County, Texas
Trial Court Cause No. 2004–01887




MEMORANDUM OPINION

          In this automobile accident case, appellant, Kasey Schott (“Schott”) presents
two issues contending that the jury’s verdict of “zero damages” for her claims of past
and future mental anguish is so against the great weight and preponderance of the
evidence as to be manifestly wrong and unjust. 
          We affirm.
Background
          Schott sued appellees, Hubert Knight (“Knight”), G-P Development Ltd., d/b/a
Service Park, Central Parking Corporation and Allright Parking System a/k/a Central
Parking System of Texas, Inc. (collectively “Central Parking”), to recover damages
for personal injuries she sustained when the truck in which Schott and her family
were riding was struck by a shuttle bus driven by Knight while he was in the
employment of Central Parking. Liability was uncontested; the case proceeded to
trial on the issue of damages only. 
          At trial, Dr. Harvey Rosenstock, the psychiatrist retained by appellees to
evaluate Schott, testified that Schott suffered from “mild” post-traumatic stress
disorder (“PTSD”). Dr. Rosenstock testified that the car accident was “a precipitating
factor” for Schott’s PTSD. Dr. Rosenstock evaluated Schott almost three years after
the accident. Dr. Rosenstock testified that Schott reported to him that she still
suffered from panic attacks, could not go out to socialize, experienced crying
episodes, was terrified of driving, and continued to have dreams that her daughter was
killed in a car accident. Dr. Rosenstock testified that his evaluation was based on
what Schott reported to him and that he did not do an independent investigation to
confirm what Schott told him. 
          According to Dr. Rosenstock, Schott’s PTSD could be resolved in six months
to two years with treatment. Dr. Rosenstock testified that such treatment would cost 
$10,800.
          The jury awarded Schott $30,000 for past medical expenses, $10,800 for future
medical expenses, and $10,000 for past physical pain. The jury awarded “zero
damages” to Schott for future physical pain, for past and future physical impairment,
and for past and future mental anguish. 
          In two issues, Schott challenges the jury’s award of zero damages for past and
future mental anguish asserting that the award is against the great weight and
preponderance of the evidence as to be manifestly unjust. 
Conflicting Jury Answers
          In support of her challenge to the jury’s zero damage award for past and future
mental anguish, Schott asserts, “The jury’s verdict awarding future medical expenses
for psychiatric treatment . . . but awarding nothing for past and future mental anguish
is by definition against the great weight and preponderance of the evidence and is
manifestly unjust.” Schott points out that Dr. Rosenstock testified that her treatment
for PTSD would cost $10,800, which is the same amount awarded by the jury for
future medical expenses. Schott contends that, if the jury believed that she required
psychiatric treatment for her PTSD, as indicated by the jury’s award of $10,800 for
future medical expenses, then she necessarily suffered compensable mental anguish
damages. 
          Though phrased in terms of factual sufficiency challenges, Schott’s substantive
argument on this point is developed as a complaint that the jury’s verdict contained
conflicting answers. See Dori v. Bondex Int’l, Inc., No. 11–04–00179–CV, 2006 WL
1554614 at *4–5 (Tex. App.—Eastland June 8, 2006, no pet.) (mem. op.). Schott
contends that the jury’s award of future medical expenses cannot be reconciled with
its award of zero damages for past and future mental anguish damages. Such an
argument is not based on the record containing factually insufficient evidence to
support the challenged award, but instead on a claimed inconsistency in the jury’s
findings. See id. 
          We agree with appellees that Schott has waived this complaint. Schott did not
preserve error when she failed to object to the alleged conflict in the verdict before
the trial court discharged the jury.


 Oyster Creek Fin. Corp. v. Richwood Inv. II, Inc.,
176 S.W.3d 307, 324 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); see Tex.
R. Civ. P. 295. Because Schott did not timely raise her complaint, we do not
reconcile the purported inconsistencies in the jury’s verdict. Springs Window
Fashions Div., Inc. v. Blind Maker, Inc., 184 S.W.3d 840, 867 (Tex. App.—Austin
2006, pet. granted, judgm’t vacated w.r.m.). As a result, we give effect to each jury
finding and conduct our sufficiency review in the manner that we would had no
conflict been raised. Id.; see Dori, 2006 WL 1554614 at *5. 
Factual Sufficiency Challenge
          Schott also contends that the zero damage award for past and future mental
anguish damages is “against the great weight and preponderance of the evidence”
because the evidence supporting her mental anguish claims was “clear and
uncontroverted” and “undisputed.” Schott cites the testimony of Dr. Rosenstock
detailing, as discussed above, the claimed manifestations and symptoms reported to
him by Schott. She also cites her testimony detailing the same symptoms reported by
her to Dr. Rosenstock. In addition, Schott relies on Dr. Rosenstock’s diagnosis that
she suffers from PTSD. Schott asserts, without authority, “PTSD is mental anguish.” 
          When reviewing a challenge to the factual sufficiency of a jury’s refusal to
award damages, we consider and weigh all of the evidence, both in support of and
against the findings, to decide whether the verdict should be set aside. Doctor v.
Pardue, 186 S.W.3d 4, 17 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing
Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)). We uphold the jury’s
verdict unless it is so against the great weight and preponderance of the evidence as
to be manifestly unjust or shocking to the conscience. Id. We may not substitute our
judgment for that of the jury, even if the evidence would clearly support a different
result. Nip v. Checkpoint Sys., Inc., 154 S.W.3d 767, 769 (Tex. App.—Houston [14th
Dist.] 2004, no pet.). 
          The jury is the sole judge of the credibility of the witnesses and the weight to
be given to the witness’s testimony. Golden Eagle Archery, Inc. v. Jackson, 116
S.W.3d 757, 761 (Tex. 2003). As factfinder, the jury is free to disbelieve expert
witnesses. See Walker v. Ricks, 101 S.W.3d 740, 748 (Tex. App.—Corpus Christi,
2003, no pet.); Waltrip v. Bilbon Corp., 38 S.W.3d 873, 882 (Tex. App.—Beaumont
2001, pet. denied). Although it may not disregard objective symptoms of an injury,
a jury may ignore a complaining party’s subjective evidence. Gonzalez v. Wal-Mart
Stores, Inc., 143 S.W.3d 118, 123 (Tex. App.—San Antonio 2004, no pet.). 
          For these reasons, the process of awarding damages for amorphous injuries
such as mental anguish is inherently difficult because the alleged injury is a
subjective, unliquidated, nonpecuniary loss. Brookshire Grocery Co. v. Goss, 208
S.W.3d 706, 720 (Tex. App.—Texarkana 2006, no pet.). Because there are no
objective guidelines to assess the monetary equivalent to such injuries, the jury is
given a great deal of discretion in awarding an amount of damages it deems
appropriate. See Texarkana Mem’l Hosp., Inc. v. Murdock, 946 S.W.2d 836, 841
(Tex. 1997). In short, when the fact of the injury and resulting damages chiefly
depends on subjective evidence, appellate courts are reluctant to hold the
non-findings of damages as against the great weight and preponderance of the
evidence. Lara v. Weeks Marine, Inc., No. 04-06-00237-CV, 2007 WL 1540269, *2
(Tex. App.—San Antonio May 30, 2007, no pet.) (mem. op.).
          Here, Schott’s challenge to the jury’s refusal to award damages for past and
future mental anguish is based on her subjective claims regarding how she has been
effected by the automobile accident, or the testimony of Dr. Rosenstock, which, in
turn, was based on Schott’s subjective reports to him. Thus, Schott’s credibility was
key in this case. We note that the jury had before it evidence probative of Schott’s
credibility. Specifically, appellees introduced evidence that Schott had been
convicted of theft of property valued between $500 and $1500 following the accident. 
Appellees also elicited testimony from Dr. Rosenstock that Schott had misrepresented
to him the value of the property that she had stolen. Thus, given the subjective nature
of the evidence underlying Schott’s claim for mental anguish damages and the
evidence casting some doubt on Schott’s credibility, it was the jury’s prerogative to
disbelieve Schott’s claims regarding the continuing psychological effects of the
accident. See Cox v. Centerpoint Energy, Inc., No. 14-05-01130-CV, 2007 WL
1437519, at *6–7 (Tex. App.—Houston [14th Dist.] May 17, 2007, no pet.) (mem.
op.) (affirming zero damage award for future pain and mental anguish because jury
was free to disbelieve plaintiff’s subjective claims and doctor’s testimony based
entirely on plaintiff’s reports); Gonzalez, 143 S.W.3d at 123 (recognizing that jury
may ignore complaining party’s subjective evidence); Waltrip v. Bilborn Corp., 38
S.W.3d 873, 880 n.1 (Tex. App.—Beaumont 2001, pet. denied) (discussing that jury
is free to believe or disbelieve plaintiff’s subjective complaints of pain or testimony
of any other witness, including the plaintiff’s doctor, who testified he was relying on
plaintiff’s reports); Rivas v. Garibay, 974 S.W.2d 93, 96 (Tex. App.—San Antonio
1998, pet. denied) (holding jury may disbelieve any witness, including a physician,
even though that witness’s testimony is not contradicted).
          In addition, a jury may weigh testimony regarding previous or subsequent
injury and its effect on the complaining party. Gonzalez, 143 S.W.3d at 123–24. 
Here, the jury heard that Schott had a troubling childhood. Schott’s mother suffered
from depression. Schott’s father “had a serious drinking problem” and abused
Schott’s mother. When she was three, Schott witnessed her father drag her mother
across sharp shards of oyster shells, leaving her mother mutilated. After her parents
divorce, Schott spent a number of years in foster homes. Schott’s brother committed
suicide by hanging himself. Evidence also was presented that, following the
automobile accident at issue, Schott’s grandmother died, Schott was convicted of
theft, and Schott broke her heel from falling from a shelf. Given this evidence, the
jury may have attributed any mental anguish suffered by Schott to the other traumas
she experienced rather than to the automobile accident.
          We conclude that the jury’s refusal to award damages for past and future
mental aguish was not so against the great weight and preponderance of the evidence
as to be manifestly unjust or shocking to the conscience. We hold that the evidence
was factually sufficient to support the jury’s zero damage award for past and future
mental anguish.
          We overrule Schott’s first and second issues.
 

Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Taft, Hanks, and Higley.