Affirmed and Memorandum Opinion filed June 15, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00106-CV

___________________

 

Holly Henry and James Henry, Appellants

 

V.

 

Bartholomew Mitchell, Appellee



 



 

On
Appeal from the County Civil Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 880409

 



 

 

MEMORANDUM OPINION

            Appellants, Holly Henry and James Henry, were involved
in an automobile collision with appellee, Bartholomew Mitchell.  Following a
jury trial, the trial court entered a final judgment that awarded Holly Henry
$300.00 in damages plus prejudgment interest and court costs, and awarded James
Henry zero damages.  Appellants both appeal from that judgment. We affirm.

Factual and Procedural Background

            Late
on the evening of Saturday, January 8, 2005, appellants were stopped in their
vehicle at a red light when appellee struck their vehicle from behind. 
Following the collision, Mr. Henry, who works as a Harris County Deputy
Sheriff, testified his initial reaction to the collision was that appellants’
vehicle was being ambushed and that he quickly exited the vehicle in a tactical
fashion “to draw the fire away from [his] wife.”  After realizing the accident
was not an ambush, Mr. Henry approached appellee to ascertain whether he was
injured.  Neither appellant experienced any cuts, bruises, or fractures as a
result of this collision.  Appellants refused to be transported to the hospital
by ambulance.  Instead, they were driven to the emergency room by a family
member.

            After
arriving at the emergency room, appellants were examined by Dr. Evan Tow.  Dr.
Tow performed tests to rule out the existence of fractures.  In his notes, Dr.
Tow noted appellants did not have any fractures and that they were complaining
of mild pain.  Because there were no fractures, Dr. Tow did not order any
further testing, such as x-rays, on appellants.  Dr. Tow diagnosed appellants
with neck sprains/strains and prescribed a muscle relaxant and ibuprofen and
advised them to see their primary care doctor the following Monday.  Dr. Tow
testified his diagnoses were based entirely on appellants’ subjective reports
of pain.  Dr. Tow had no further contact with appellants once they left the
emergency room on the morning of January 9, 2005.  Neither appellant made the
recommended follow up visit with their primary care physician.  In fact, after
leaving the emergency room, neither appellant sought any further medical
treatment related to the January 8, 2005 accident.

The evidence reveals
that Mr. Henry continues to work as a Harris County Deputy Sheriff,
participates in weight lifting, jogging, kick boxing, and traditional karate
matches.   Finally, Mr. Henry testified that, at the time of the trial, he
could still do everything he could do before the January 8, 2005 collision,
only slower.

Mrs. Henry testified
that, prior to the January 8, 2005 accident, she had always suffered from sinus
headaches but not muscle headaches.  She testified that since the accident, she
has suffered from muscle headaches that are so severe she cannot stand loud
noises and she must lie down.  However, Mrs. Henry also testified that, soon
after the January 8, 2005 accident, she became an EMT working on an ambulance.  While
working in her ambulance, Mrs. Henry testified she was involved in another
motor vehicle accident that made her neck pain worse.  Finally, during appellee’s
cross-examination of Mrs. Henry, the following interrogatory was read into
evidence: “Are you presently suffering from any symptoms or any physical or
emotional problems as a result of the accident made the basis of this suit?  If
so, please state fully the nature of each symptom, problem, or complaint, and the
length of time you have had each symptom, problem, or complaint.”  Mrs. Henry’s
answer: “Not that I notice.”

The case was submitted
to the jury and it found appellee’s negligence proximately caused the January
8, 2005 collision.  The jury then awarded Mrs. Henry $300.00 for past physical
pain and suffering and nothing for future pain and suffering.  The jury did not
award Mr. Henry any damages for past or future pain and suffering.[1]  The trial court
rendered a final judgment based on the jury’s verdict.  This appeal followed.

Discussion

            In
their brief, appellants list three issues on appeal.  However, since all three
issues make the same argument: that the $300.00 awarded to Mrs. Henry and the
award of zero damages to Mr. Henry are against the great weight and
preponderance of the evidence, we will construe them as a single issue.[2]

 

 

I.         The
standard of review. 

            When
reviewing a challenge to the factual sufficiency of a jury’s damages findings,
we consider and weigh all of the evidence, both in support of and against the
findings, to decide whether the verdict should be set aside.  Doctor v.
Pardue, 186 S.W.3d 4, 17 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)
(citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986),
disapproved of on other grounds by Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378 (Tex. 2000)).  We uphold the jury’s verdict unless it is so against
the great weight and preponderance of the evidence as to be manifestly unjust
or shocking to the conscience.  Id.  We may not substitute our judgment
for that of the jury, even if the evidence would clearly support a different
result.  Nip v. Checkpoint Sys., Inc., 154 S.W.3d 767, 769 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).

The jury is the sole
judge of the credibility of the witnesses and the weight to be given their
testimony.  Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761
(Tex. 2003).  As factfinder, the jury is free to disbelieve expert witnesses.  See
Walker v. Ricks, 101 S.W.3d 740, 748 (Tex. App.—Corpus Christi 2003, no
pet.); Waltrip v. Bilbon Corp., 38 S.W.3d 873, 882 (Tex. App.—Beaumont
2001, pet. denied).  Although it may not disregard objective symptoms of an
injury, a jury may ignore a complaining party’s subjective evidence.  Gonzalez
v. Wal-Mart Stores, Inc., 143 S.W.3d 118, 123 (Tex. App.—San Antonio 2004,
no pet.).

The process of awarding
damages for amorphous injuries such as mental anguish is inherently difficult
because the alleged injury is a subjective, unliquidated, nonpecuniary loss.  Dollison
v. Hayes, 79 S.W.3d 246, 249 (Tex. App.—Texarkana 2002, no pet.).  Because
there are no objective guidelines to assess the monetary equivalent to such
injuries, the jury is given a great deal of discretion in awarding an amount of
damages it deems appropriate.  See Texarkana Mem’l Hosp., Inc. v. Murdock,
946 S.W.2d 836, 841 (Tex. 1997).  In some instances, the injuries suffered are
so substantial and the symptoms so objective that an award of damages for pain
and suffering is clearly supported and the failure to award such damages while
simultaneously awarding medical expenses would be clearly erroneous.  See
Horton v. Denny’s Inc., 128 S.W.3d 256, 260 (Tex. App.—Tyler 2003, pet.
denied).  However, when the fact of injury and resulting damages chiefly
depends on subjective evidence, appellate courts are reluctant to hold the
non-findings of damages as against the great weight and preponderance of the
evidence.  Id.

II.        The
jury’s damages findings are not against the great weight and preponderance of
the evidence.

            Appellants
challenge the jury’s award of minimal physical pain and suffering damages to Mrs.
Henry and none to Mr. Henry.  Here, the jury could have taken into account the
fact that neither appellant followed up with their primary care doctor the
Monday following the accident or sought any additional medical treatment
related to the accident.  The jury could also have taken into account Mrs.
Henry’s interrogatory response that, at the time of trial, she was not
experiencing any symptoms, problems, or complaints related to the January 2005
collision.  In addition, the jury could have decided to disregard Mr. Henry’s
testimony regarding his alleged pain and suffering based on his continued
participation in activities such as weight lifting, jogging, kick boxing, and
karate.  Finally, despite their arguments to the contrary, appellants’ alleged
injuries and the resulting pain and suffering were subjective.  Dr. Tow’s
testimony confirmed the subjective nature of their alleged injuries when he
testified that his diagnoses were based entirely on appellants’ subjective
reports of pain.  Therefore, we conclude the evidence is factually sufficient
to sustain the jury’s findings regarding appellants’ pain and suffering
damages.  See Cox v. Centerpoint Energy, Inc., No. 14-05-01130-CV, 2007
WL 1437519, at *6–7 (Tex. App.—Houston [14th Dist.] May 17, 2007, no pet.)
(mem. op.) (affirming zero damage award for future pain and mental anguish
because jury was free to disbelieve the plaintiff’s subjective claims and
doctor’s testimony based entirely on plaintiff’s reports).   Accordingly, we
overrule appellants’ issues on appeal. 

Conclusion

            Having overruled
appellants’ issues on appeal, we affirm the trial court’s judgment. 

 

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Mirabal.[3]

 









[1] Past and future pain and
suffering were the only categories of damages submitted to the jury.





[2] To the extent appellants’
issues on appeal could be construed as making the argument that there was a
conflict in the jury’s answers, we conclude appellants waived this issue as
they did not object to the allegedly conflicting jury answers before the jury
was discharged.  Coastal Chem, Inc. v. Brown, 35 S.W.3d 90, 100 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).





[3] Senior Justice Margaret
G. Mirabal sitting by assignment.