

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00487-CV

MARJORIE PUTNAM                          APPELLANT

V.

MAJOR EDWARD BARBEE                     APPELLEE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Marjorie Putnam sued Appellee Major Edward Barbee to recover $6,000 in earnest money that Putnam allegedly paid to Barbee as part of a real estate transaction that ultimately never happened. Barbee generally denied Putnam's allegations, and after a final trial at which each side appeared pro se, the trial court ordered that Putnam take nothing on her claim.

---
[1]*See* Tex. R. App. P. 47.4.

Putnam argues in her first issue that the trial court denied her equal protection of the law because it "discriminated against her because of her gender and unrepresented status." Equal protection is violated when a statute makes invidious or unreasonable classifications. *Lucas v. United States*, 757 S.W.2d 687, 702 (Tex. 1988) (Phillips, C.J., dissenting). The trial court admonished Putnam about the dangers of self-representation before affording both her and Barbee an opportunity to present evidence, conduct cross-examination, and make argument. Putnam's first issue challenges no statute and contains nothing more than unsupported allegations levied at the trial court. We overrule her first issue.

In her second issue, Putnam argues that the trial court denied her due process by assessing costs against her that were "not awarded at Trial." "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex. R. Civ. P. 131. The allocation of costs is a matter for the trial court's discretion. *Rogers v. Walmart Stores, Inc.*, 686 S.W.2d 599, 601 (Tex. 1985). Here, the trial court taxed costs against the unsuccessful party, and Putnam directs us to no authority requiring the trial court to simultaneously assess costs when it orally renders judgment. We overrule Putnam's second issue.

Putnam argues in her third issue that the trial court abused its discretion by "believing everything [Barbee] said and nothing [Putnam] said. The Judge ignored everything in and attached to [Putnam's] Complaint . . . ." Documents

2

attached to pleadings are not evidence unless they are introduced at trial, and Putnam never sought to introduce any of the documents that she attached to her petition. *See Am. Fire & Indem. Co. v. Jones*, 828 S.W.2d 767, 769 (Tex. App.—Texarkana 1992, writ denied). Further, as the factfinder, the trial court could have believed Barbee's testimony and disbelieved Putnam's testimony, what little there was. *See Gonzalez v. Wal-Mart Stores, Inc.*, 143 S.W.3d 118, 122 (Tex. App.—San Antonio 2004, no pet.). We overrule Putnam's third issue and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DELIVERED: April 30, 2014

3