

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00028-CV

Abelardo **ZAMORA** and Janet Zamora,
Individually and as Next Friends of Abelardo Zamora Jr., a Minor Child,
Appellants

v.

Jacob James **DAVILA**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 387082
Honorable Tina Torres, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED

In the underlying lawsuit, appellee Jacob James Davila stipulated his negligence caused a collision in which his vehicle ran into the back of the appellants' vehicle. The jury awarded appellant Abelardo Zamora $179.25 for his past medical expenses, $250.00 for past physical pain and mental anguish, $250.00 for past physical impairment, and $2,000.00 for lost wages. The jury did not award appellant Janet Zamora any sum of money for her past medical expenses, but did award her 250.00 for past physical pain and mental anguish and $250.00 for past physical impairment. The jury did not award Abelardo or Janet any sum of money for future physical pain

and mental anguish or future physical impairment. On appeal, the Zamoras contend the jury's damage awards for past medical expenses are against the great weight and preponderance of the evidence in light of the uncontroverted, objective evidence of injury and unrefuted medical bills. We affirm the trial court's judgment.

STANDARD OF REVIEW ON DAMAGE AWARD FOR PAST MEDICAL EXPENSE

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). "The court of appeals must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id*. In conducting a factual sufficiency review, a reviewing court "must not merely substitute its judgment for that of the jury." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003).

"A plaintiff seeking to recover medical expenses bears the burden of establishing not only what expenses were incurred, but that the treatment was necessary and the amount charged was reasonable." *Reyna v. Aldaco*, No. 07-04-0033-CV, 2005 WL 3298769, at *2 (Tex. App.—Amarillo Dec. 6, 2005, no pet.) (mem. op.). A plaintiff may submit an affidavit concerning the cost and necessity of services pursuant to section 18.001(b) of the Texas Civil Practice and Remedies Code; however, such affidavits, even if uncontroverted, "do not conclusively establish a plaintiff's entitlement to recover medical expenses." *Id*. Instead, such affidavits are merely sufficient evidence to support a finding that the amount charged was reasonable and that the services were necessary. *Paz v. Molina*, No. 14-11-00664-CV, 2012 WL 2466578, at *2 (Tex. App.—Houston [14th Dist.] June 28, 2012, no pet.) (mem. op.); *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 209 (Tex. App.—San Antonio 1997, no pet.). Moreover, such affidavits

"do not purport to establish a causal nexus between the accident and the medical care expenses." *Paz*, 2012 WL 2466578, at \*2.

The jury has great discretion in determining the amount of a damage award. *Barrajas*, 945 S.W.2d at 209. In making this determination, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Id*. It is also the jury's province to resolve any conflicts or inconsistencies in the evidence, and "appellate courts must accept the jury's resolution of any [such] conflicts or inconsistencies." *Id*. A "jury may disbelieve a witness, including a physician, even though his testimony is not contradicted." *Id*. Although appellate courts have overturned zero damage awards where the evidence of injury and causation is uncontroverted, appellate courts "have affirmed zero damage awards where the evidence on the damages was conflicting." *Gonzalez v. Wal-Mart Stores, Inc.*, 143 S.W.3d 118, 123 (Tex. App.— San Antonio 2004, no pet.).

## ANALYSIS

The Zamoras contend the jury's damage awards for past medical expenses are "against the great weight and preponderance of the evidence in light of the uncontroverted, objective evidence of injury and unrefuted medical bills."

The evidence presented in this case consisted of: (1) the testimony of the Zamoras and Davila; (2) the police report; (3) photographs of the damage to the vehicles; (4) the bill for the repairs to the Zamoras' vehicle; (5) Abelardo's medical records from a hospital and chiropractor; (6) Janet's medical records from a chiropractor; and (7) section 18.001 affidavits regarding medical expenses. No expert testimony was presented, and the extent of the Zamoras' injuries caused by the accident was a disputed issue.

The accident occurred on November 30, 2011. Davila testified the impact from the collision was slight with his right front fender hitting the Zamoras' left rear bumper. When Davila

checked on the Zamoras, they stated they were not injured and did not want him to call an ambulance. Consistent with Davila's testimony, the police report stated, "no injuries were reported." The photographs show extensive damage to Davila's right front fender, but Davila explained his right front fender went under the Zamoras' bumper. The photographs of the Zamoras' vehicle only show damage to the bumper, and the Zamoras drove their vehicle away.

The Zamoras described the impact from the collision as "pretty hard" and "hard." The Zamoras testified that they went from the scene of the accident to the hospital. Only Abelardo's hospital records were admitted into evidence. The accident occurred at 12:05 p.m., and Abelardo was discharged around 2:20 p.m. Janet and Abelardo testified Abelardo was experiencing pain in his right knee and his lower back. The discharge instructions referred Abelardo to a named physician for follow-up care.

On December 2, 2011, the Zamoras went to a chiropractor for follow-up treatment. Janet testified she obtained the chiropractor's name from a co-worker; however, both Janet and Abelardo testified Janet did not work outside the home. Janet testified that she was experiencing neck and back pain. Janet received twenty-four treatments from the chiropractor and described the treatments she received as including hot compresses, massage, and electronic muscle stimulation. Janet testified she told the chiropractor she was pregnant "a couple weeks after" her initial visit, and the chiropractor discontinued the treatment because of her pregnancy. The chiropractor's medical records, however, contain an entry stating Janet was six weeks pregnant on her initial visit on December 2, 2011. Janet's final visit was on February 2, 2012. Janet stated she was only receiving the hot compress treatment when her treatment was discontinued.

Abelardo received twelve treatments from the chiropractor. Abelardo testified his injury was to his right knee; however, the chiropractor's records showed that Abelardo was complaining of pain to his left knee. The chiropractor's medical records include x-rays and an MRI for

Abelardo's left knee. The records also included x-rays of Abelardo's back which showed "no radiographic evidence of fracture." Abelardo described his treatment as including hot towels, massage, and the chiropractor "crack[ed] his bones."

The Zamoras contend the chiropractor's medical records are uncontroverted objective evidence of their injuries; however, the jury was free to disbelieve the chiropractor's opinion regarding the cause of the Zamoras' injuries and what medical treatment was necessary. *See Barrajas*, 945 S.W.2d at 209. The jury could have focused on the conflict between the Zamoras' reports at the scene, their medical records, and their trial testimony. The jury also was required to resolve the conflict in Janet's testimony that a co-worker provided her with the name of the chiropractor but the evidence established she did not work outside the home. Finally, the jury could have considered the nature of the treatment the Zamoras described and that Abelardo received treatment for an injury to his left knee but only reported injury to his right knee as a result of the collision.

As previously noted, appellate courts "have affirmed zero damage awards where the evidence on the damages was conflicting." *Gonzalez*, 143 S.W.3d at 123. As an appellate court, we must accept the jury's resolution of any conflicts or inconsistencies in the evidence. *Barrajas*, 945 S.W.3d at 209. Because the evidence in this case contained numerous conflicts and inconsistencies the jury was required to resolve in determining what, if any, injuries the Zamoras sustained as a result of the accident, we hold the jury's damage awards for past medical expenses are not against the great weight and preponderance of the evidence.

## CONCLUSION

The judgment of the trial court is affirmed.

Rebeca C. Martinez, Justice